IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JASON PICCOLI,<br><br>        PLAINTIFF,<br><br>v.<br><br>CORE REALTY, INC., WATERVIEW GRANDE CONTRACTORS, LLC, AND MICHAEL SAMSCHICK<br><br>        DEFENDANTS. | Civil Action No. _____<br><br>JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

Plaintiff Jason Piccoli, by and through his undersigned attorneys, Bell & Bell LLP, hereby files the following Complaint and Jury Demand ("Complaint").

## PRELIMINARY STATEMENT

1.      This is an action for an award of damages, punitive damages, and other relief on behalf of Plaintiff Jason Piccoli (hereinafter "Mr. Piccoli" or "Plaintiff"), a former employee of Core Realty, Inc. ("Core") and Waterview Grande Contractors, LLC (collectively the "Company") who was supervised in his position by the CEO/President of Core Realty, Inc. and Waterview Grande Contractors, LLC, Defendant Michael Samschick. Mr. Piccoli has been harmed by the sexually hostile working environment he was subjected to while employed by the Company, and by the retaliation he experienced for complaining about the sexually hostile work environment that he and others were subjected to, culminating in his wrongful termination on September 10, 2018. Mr. Samschick aided and abetted the Company's harassment and retaliation as alleged herein.

2.      This action arises under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq. ("Title VII"), and the Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.

## JURISDICTIONAL STATEMENT

3.      This Court has original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States pursuant to 28 U.S.C. §§ 1331 and 1391.

4.      The jurisdiction of this Court is also invoked pursuant to 28 U.S.C. § 1343(4), which grants the District Court original jurisdiction in any civil action authorized by law to be commenced by any person to recover damages to secure equitable or other relief under any act of Congress providing for the protection of civil rights.

5.      This Court has supplemental jurisdiction over Pennsylvania state law claims pursuant to 28 U.S.C. § 1367.

6.      All conditions precedent to the institution of this suit have been fulfilled. On November 16, 2018, Plaintiff timely filed a Complaint with the Pennsylvania Human Relations Commission ("PHRC"), which was dual-filed as a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). On December 3, 2020, the EEOC issued a Notice of Right to Sue to Plaintiff. This action has been filed within ninety (90) days of Plaintiff's receipt of said Notice. With respect to Mr. Piccoli's PHRC claims, it has been over a year since he filed his Complaint with the PHRC.

## VENUE

7.      This action properly lies in the Eastern District of Pennsylvania, pursuant to 28 U.S.C. § 1391(b).

8. This action properly lies in the Eastern District of Pennsylvania because the claims and significant activities associated with the claims took place in this judicial district.

## PARTIES

9. Plaintiff Jason Piccoli is an adult male citizen and resident of Berlin, New Jersey and the United States of America.

10. Defendant Core Realty, Inc. is a Pennsylvania corporation with an address of 114 Chestnut Street, Fifth Floor, Philadelphia, PA 19106.

11. Defendant Waterview Grande Contractors, LLC is a Pennsylvania limited liability company with an address of 114 Chestnut Street, Fifth Floor, Philadelphia, PA 19106.

12. At all relevant times, Defendants Core Realty, Inc. and Waterview Grande Contractors, LLC each are and have been employers employing more than 15 employees.

13. Defendant Michael Samschick is the CEO/President of Defendants Core Realty, Inc. and Waterview Grande Contractors, LLC who supervised Mr. Piccoli and aided and abetted the Company's harassment and retaliation.

14. At all relevant times, employees of Defendants acted as agents and servants for Defendants.

15. At all relevant times, employees of Defendants were acting within the scope of their authority and in the course of employment under the direct control of Defendants.

16. At all times material hereto, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with Defendants and in furtherance of Defendants' business.

17. At all times relevant hereto, Defendants each are and have been an "employer" and/or "person" within the meaning of the laws at issue in this matter, and are accordingly subject to the provisions of said laws.

18. At all relevant times hereto, Plaintiff Jason Piccoli was an "employee" of Defendants within the meaning of the laws at issue in this suit and is accordingly entitled to the protections of said laws.

19. This Honorable Court has jurisdiction over Defendants.

## FACTS

20. Plaintiff Jason Piccoli is a former employee of Defendants.

21. Mr. Piccoli was hired by Defendants in or about May of 2017 as a Senior Manager.

22. While employed by Defendants, Mr. Piccoli was supervised in his position by Michael Samschick, the CEO and President of Defendants Core Realty, Inc. and Waterview Grande Contractors, LLC.

23. At the time of his hire, Mr. Piccoli had over ten years of experience in the industry.

24. Mr. Piccoli agreed to begin working for Defendants, in part, because of their representations to him that they had seven plus years of pipeline projects and that, as a Senior Manager of the construction team, Mr. Piccoli's involvement would span across several projects for many years.

25. During his employment with Defendants, Mr. Piccoli performed all his duties in an excellent and professional manner.

26. Despite his dedication, loyalty and consistent performance, Mr. Piccoli was subjected to a sexually hostile work environment.

27. After complaining about the hostile working environment that he had been subjected to, and complaining about the hostile working environment his co-workers had been subjected to, Defendants retaliated against Mr. Piccoli, culminating in his termination on September 10, 2018, the business day after his most recent efforts to resolve his complaints.

28. Specifically, beginning in approximately the Summer of 2017, and continuing through Mr. Piccoli's wrongful termination, Defendants' electrical contractors frequently made overtly sexually inappropriate comments directed at Mr. Piccoli.

29. In one specific example, Defendants' electrical contractors wrote "Jason from Core likes Cock in his Rectum" at one of Defendants' jobsites.

30. These contractors also made inappropriate comments and wrote inappropriate sexual language regarding Mr. Piccoli's co-worker, Amanda Bennett.

31. For example, the contractors wrote that "A-MAN-DUH SWALLOWS A WONDERFUL FAT LOAD" and "HAND-JOB AMANDA" with a picture of a stick-figure kneeling in front of another stick figure, and "WHO GOT THE BIGGER DICK AMANDA OR STEVE?" with a tally list with the "score" totaling Amanda 8 and Steve -1.

32. Mr. Piccoli repeatedly complained, including in writing, to COO Linda Desiderio and Mr. Samschick, to no avail.

33. Indeed, Mr. Samschick frequently referred to Mr. Piccoli's complaints about the hostile work environment as "drama" and indicated his frustration at Mr. Piccoli's complaints.

34. On one occasion, in response to Mr. Piccoli's complaints, including a complaint from Mr. Piccoli that Mr. Samschick was not communicating with him regarding his complaints, Mr. Samschick replied, "YOU are not handling my shit."

35. On September 7, 2018, Mr. Piccoli attempted to address the harassment and hostile work environment he and his co-workers were being subjected to in the Core workplace by asking to have a conversation with Mr. Samschick.

36. The very next business day, on September 10, 2018, Defendants terminated Mr. Piccoli.

37. Mr. Piccoli was fired during a meeting with Human Resources Manager Tisia Baynes and COO Linda Desiderio. Mr. Piccoli was told that the reason for his termination was a lack of work and that his job functions were being absorbed by Ms. Bennett and Ms. Desiderio.

38. Based on the foregoing, the reasons given for Mr. Piccoli's termination are suspicious under the circumstances.

39. Defendants' proffered reason for Mr. Piccoli's termination – a lack of work – is suspect for a number of reasons, including, among others, Mr. Samschick's open hostility to Mr. Piccoli's complaints, the fact that Mr. Piccoli is aware that there was not actually a lack of work at Defendants, the representations to Mr. Piccoli when he started working for Defendants as to the abundance of available work, and the extremely close proximity in time between Mr. Piccoli's most recent complaints and his termination.

40. The reasons given for Mr. Piccoli's termination are pretext for discrimination, harassment and retaliation.

41. These suspicious circumstances suggest that Mr. Piccoli's termination was motivated by harassment and retaliation for complaining about the harassment.

42. Mr. Piccoli has been subjected to a sexually hostile working environment and retaliated against by Defendants for his complaints of the hostile working environment.

43. Defendants and their agents acted with the intent of causing or with reckless disregard for the probability that their actions would cause Mr. Piccoli severe emotional distress.

44. Mr. Piccoli was discriminated against and harassed subjected to a sexually hostile working environment and retaliated against by Defendants for his complaints of the hostile working environment, in violation of Title VII and the PHRA

45. Mr. Piccoli has suffered, and continues to suffer, mental anguish and severe emotional distress as a proximate result of the actions and inactions of Defendants.

46. Mr. Piccoli has suffered financial losses including, among other things, lost wages, and an obligation for attorneys' fees and costs of bringing suit as a proximate result of the actions and inactions of Defendants.

## COUNT I
### Sex Discrimination, Harassment and Retaliation
### Title VII of 1964, 42 U.S.C. § 2000(e), et seq.
### (Plaintiff v. Core Realty, Inc. and Waterview Grande Contractors, LLC)

47. Plaintiff Jason Piccoli repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

48. Based on the foregoing, Defendants Core Realty, Inc. and Waterview Grande Contractors, LLC engaged in unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 2000(e) et seq.

49. The unlawful practices for which Defendants Core Realty, Inc. and Waterview Grande Contractors, LLC are liable to Plaintiff include, but are not limited to, exposing Mr. Piccoli to a sexually hostile working environment, and retaliating against Mr. Piccoli for complaining about the sexually hostile work environment that he and others were subjected to.

50. Defendants' violations were intentional and willful.

51. Defendants' violations warrant the imposition of punitive damages.

52. As a direct result of the unlawful employment practices engaged in by Defendants, Plaintiff Jason Piccoli has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay and interest due thereon, and has incurred attorneys' fees and costs.

## COUNT II
### Pennsylvania Human Relations Act, 43 P.S. § 951, et seq.
### (Plaintiff v. All Defendants)

53. Plaintiff Jason Piccoli repeats and incorporates by reference the allegations of all preceding paragraphs as if fully set forth at length herein.

54. Based on the foregoing, Defendants engaged in unlawful employment practices in violation of the Pennsylvania Human Relations Act.

55. In exposing Mr. Piccoli to a sexually hostile working environment, and retaliating against Mr. Piccoli for complaining about the sexually hostile work environment that he and others were subjected to, Defendants Core Realty, Inc. and Waterview Grande Contractors, LLC violated the Pennsylvania Human Relations Act.

56. Mr. Samschick aided and abetted Core Realty, Inc. and Waterview Grande Contractors, LLC's harassment and retaliation in violation of the Pennsylvania Human Relations Act.

57. As a direct result of the unlawful employment practices engaged in by Defendants, Plaintiff Jason Piccoli has sustained a loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, as well as back pay, front pay and interest due thereon, and has incurred attorneys' fees and costs.

## PRAYER FOR RELIEF

58. Plaintiff Jason Piccoli repeats and incorporates by reference the allegations of all previous paragraphs as if fully set forth at length herein.

**WHEREFORE**, Plaintiff Jason Piccoli respectfully requests that this Court enter judgment in his favor and against Defendants, and Order:

a. Appropriate equitable relief;

b. Defendants to compensate Plaintiff with a rate of pay and other benefits and emoluments of employment to which he would have been entitled had he not been subjected to unlawful discrimination, harassment and retaliation;

c. Defendants to compensate Plaintiff with the wages and other benefits and emoluments of employment lost due to Defendants' unlawful conduct;

d. Defendants to pay Plaintiff punitive damages;

e. Defendants to pay Plaintiff compensatory damages for future pecuniary losses, pain and suffering, inconvenience, mental anguish, loss of employment and other nonpecuniary losses as allowable;

f. Defendants to pay Plaintiff's costs of bringing this action, including, but not limited to, Plaintiff's attorneys' fees;

g. Plaintiff be granted any and all other remedies available; and

h. Such other and further relief as is deemed just and proper.

## **JURY DEMAND**

Plaintiff Jason Piccoli hereby demands trial by jury as to all issues so triable.

>By: */s/ Jennifer C. Bell*
>Jennifer C. Bell, Esquire
>Christopher A. Macey, Jr., Esquire
>Bell & Bell LLP
>1617 John F. Kennedy Boulevard
>Suite 1254
>Philadelphia, PA 19103
>(215) 569-2500
>
>*Attorneys for Plaintiff Jason Piccoli*

Dated: February 11, 2021